NOT FOR PUBLICATION                                             CASE CLOSED

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLIED MEDICAL, P.A., SLP CHIROPRACTIC PA, NORTH PALM NEUROSURGERY, PL, CASEY OIE, D.C. d/b/a BLAKE CHIROPRACTIC, TODD M. WULF, PA, and MAR VISTA INSTITUTE OF HEALTH individually and on behalf of others similarly situated,<br><br>   Plaintiffs,<br><br>      v.<br><br>AMERICAN INTERNATIONAL INSURANCE COMPANY LLC, AMERICAN INTERNATIONAL INSURANCE COMPANY OF DELAWARE, AMERICAN INTERNATIONAL INSURANCE COMPANY OF NEW JERSEY, AMERICAN INTERNATIONAL INSURANCE COMPANY OF CALIFORNIA, NEW HAMPSHIRE INSURANCE COMPANY, AIG NATIONAL INSURANCE COMPANY, INC., GRANITE STATE INSURANCE COMPANY, AIG CLAIMS SERVICES, INC. n/k/a/ AIG DOMESTIC CLAIMS, INC., and AIG MARKETING, INC.,<br><br>   Defendants. | Civil Action No. 07-4622 (JAP)<br><br>**OPINION** |

Presently before the Court is the motion of Defendants[1] to dismiss Plaintiffs' Amended

---

[1] Defendants include: American International Insurance Company, LLC, American International Insurance Company of Delaware, American International Insurance Company of New Jersey, American International Insurance Company of California, New Hampshire Insurance Company, AIG National Insurance Company, Inc., Granite State Insurance Company, AIG Claims Services, and AIG Marketing, Inc. (collectively, "Defendants"). Although Plaintiffs' Amended Complaint omits Granite State from the caption, the Amended Complaint alleges that the entity is a defendant; thus, the Court includes the entity

Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(1), 12(b)(2) and 12(b)(6). The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Having considered all arguments presented, the Court grants Defendants' motion to dismiss.

**I.      Background**

Plaintiffs are in the business of providing medical services. Plaintiff, Allied Medical, P.A. ("Allied") is a Kansas professional association with a business address in Wichita, Kansas. Plaintiff, SLP Chiropractic PA ("SLP") is a Minnesota professional association, which provides services in St. Louis Park, Minnesota. Plaintiff, North Palm Neurosurgery, PL ("North Palm") is a Florida professional limited liability company with a business address in Palm Beach Gardens, Florida. Plaintiff, Blake Chiropractic ("Blake") is also a Minnesota sole proprietorship with its principal place of business in Hopkins, Minnesota. Plaintiff, Todd M. Wulf, PA, ("Wulf") is an Arkansas professional association with a business address in Rogers, Arkansas. Plaintiff, Mar Vista Institute of Health ("Mar Vista") is a California professional corporation with a business address in Los Angeles, California.

Defendants, American International Insurance Company LLC ("AIIC LLC") and American International Insurance Company of Delaware ("AIIC DE") are Delaware corporations. AIIC LLC conducts and does business in this District. Defendant, American International Insurance Company of New Jersey ("AIIC NJ") is a New Jersey corporation. Defendant, American International Insurance Company of California ("AIIC CA") is a California corporation. All American International Insurance entities have principal places of business in

---

as a Defendant.

Wilmington, Delaware.

Defendants, New Hampshire Insurance Company ("New Hampshire") and Granite State Insurance Company ("Granite") are Pennsylvania corporations with their principal places of business in New York, New York. Defendant, AIG National Insurance Company, Inc. ("AIG National") is a New York corporation with its principal place of business in New York, New York. Defendant, AIG Claim Services ("AIG CS") is a Delaware corporation with its principal place of business in New York, New York. Defendant, AIG Marketing, Inc. ("AIG Marketing") is a Delaware corporation with its principal place of business in Wilmington, Delaware. Plaintiffs allege that "the exclusive authority to adjust and settle claims [of all named Defendants]" rests with AIG CS and AIG Marketing.[2] Am. Compl., ¶¶ 26, 27.

In the automobile insurance industry, medical payments coverage is a contractual form of "no-fault" coverage entered into between the insurance company and the insured for payment of medical bills. Personal injury protection coverage ("PIP") also provides no-fault coverage for payment of medical bills. No-fault, or MedPay, coverage provides for prompt medical treatment, up to policy limits, in order to mitigate harm and improve recovery from injury. Coverage also helps relieve any anxiety individuals may have regrading the availability of funds for medical expenses.

Plaintiffs allege that Defendants utilize a fee review software ("fee review"), licensed from Mitchell Medical, which compares the amount billed for a procedure to percentile benchmarks an insurer selects. If there is a portion of the charge that exceeds the benchmark, that portion of the claim is excluded from coverage. The percentile benchmarks are embedded

---

[2] Hereinafter, the defendants will collectively be referred to as "Defendants" or "AIG."

into the software and used to adjust and audit first-party claims for medical expenses. Coverage exclusions are denoted in the "Explanation of Benefits" ("EOB") form, under the "Amount Allowed" and the "Explanation" or "Reason" sections, provided to Plaintiffs as codes "41" or "X41." The EOB states that the charges are compared to the prevailing billing practices for medical providers within the geographic area and that the reimbursement rate could differ from the actual amount billed.

As examples, Plaintiff cites to several instances of reductions. Allied claims that it submitted a medical bill, which contained a line item charge for $110.00. AIG National reimbursed Allied $107.67, which excluded $2.33 from coverage. Wulf alleges that it submitted a medical bill with a line item charge of $61.00. Granite reimbursed Wulf $57.32 and excluded $3.68 from coverage. Blake alleges that it submitted a medical bill, which contained a line item charge for $416.16. AIIC LLC reimbursed Blake $369.70, which excluded $46.46 from coverage. SLP claims that it submitted a medical bill, which contained a line item charge for $357.00. New Hampshire reimbursed SLP $322.48, which excluded $34.52 from coverage. The insurance companies sent an EOB to Plaintiffs, which set forth the "Amount Charge," "Amount Allowed," and "Explanation Codes" as well as particular codes and a statement regarding the basis for the reduced payment.

Plaintiffs allege that the insurance policies executed between Defendants and the insureds treated by Plaintiffs state that, in the event of an automobile accident, Defendants will pay PIP benefits for reasonable medical expenses for necessary medical treatment.

## II.     Procedural History

On September 18, 2007, Plaintiffs, Allied, SLP, North Palm, Blake, and Wulf filed the present action against Defendants. On October 10, 2007, Plaintiffs filed an Amended Complaint, which added Mar Vista Institute of Health as a plaintiff. Generally, the Amended Complaint alleges that Defendants' Policy requires payment of all reasonable expenses for necessary medical services. Plaintiffs claim that Defendants improperly use "computer-generated bill review reports" to arbitrarily discount PIP claims for first-party medical benefits below the amounts billed by the insured's medical providers based on the fee review's artificial percentile reimbursement cap.

The Amended Complaint contains one count for breach of contract. Furthermore, Plaintiffs seek to represent a class of insureds and/or their assignees, pursuant to Fed. R. Civ. P. 23. The putative class is named "Contract Class" and includes those insureds who sustained injuries in a covered occurrence and:

> (a) submitted first-party claims for payment of medical expenses to AIG; (b) had their claim submitted to computer fee review; (c) received payment in an amount less than the submitted medical charge (but greater than zero) based on a fee review reduction code (such as 41 or X41); and [(d)] did not exhaust policy limits.

Am. Compl. ¶ 66. Alternatively, the Amended Complaint identifies a second putative class named "Alternative Contract Class." The alternate class membership is based on the same criteria as the first class, but limited to insureds in Arkansas, California, Connecticut, Florida, Georgia, Illinois, Kansas, Maryland, Minnesota, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, Tennessee, Texas, Virginia and Washington. *Id.*

By Order dated November 16, 2007, in a related case, because a number of similar cases were simultaneously being filed by Plaintiffs' counsel and in the interests of judicial economy,

the Court ordered a case management conference to be scheduled. On March 18, 2008, Defendants filed their motion to dismiss Plaintiffs' Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6). Plaintiffs oppose the motion. On March 20, 2008, the Court held the case management conference. Having reviewed the parties' submissions, the Court now decides the motion.

### III. Legal Discussion[3]

#### A. Fed. R. Civ. P. 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) allows a party to move for dismissal of a case based on lack of personal jurisdiction. *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 300 (3d Cir. 2001). In deciding a motion to dismiss for lack of personal jurisdiction, the Court will construe as true the allegations within the complaint, and shall construe disputed facts in favor of the Plaintiff. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003).

Once personal jurisdiction is challenged, pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff has the burden of establishing that the case is properly before the court. *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). In particular, "the plaintiff bears the burden of demonstrating [that] contacts with the forum state [are] sufficient to give the court in

---

[3] As Defendants have not moved to strike Plaintiffs' class action allegations, the Court need not address the issue. Had Defendants made such a motion, however, the Court would have denied class certification because Plaintiffs do not meet the requirements under Fed. R. Civ. P. 23.

Additionally, Defendants argue that the Court should grant their motion to dismiss because Plaintiffs have failed to allege proper assignment of the insureds' claims and several of the policies contain a non-assignment provision. The Court, however, declines from addressing this issue due to equitable arguments made by Plaintiffs' counsel and will limit its analysis to the other issues raised.

personam jurisdiction." *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3d Cir. 1990). A plaintiff may satisfy this burden through the use of affidavits or other competent evidence. *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996).

Because AIIC LLC, AIIC CA, and AIG National are not a New Jersey residents, the Court must consider Defendant's connection with this State. Generally, "[a] nexus between the defendant, the forum and the litigation is the essential foundation" of personal jurisdiction. *Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 108 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). The Third Circuit has set forth an analytical framework to determine whether personal jurisdiction over a non-resident defendant is proper. *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998). This analysis begins with an examination of Federal Rule of Civil Procedure 4(e). *Id.* A court must then consider whether the defendant's contacts with the forum state are sufficient to support general personal jurisdiction. *Id.* Absent general jurisdiction, a court should determine whether specific personal jurisdiction exists. *Id.*

Federal Rule of Civil Procedure 4(e) allows a court to exercise "personal jurisdiction over non-resident defendants to the fullest extent permissible under the law of the state where the district court sits." *Pennzoil Prods. Co.*, 149 F.3d at 200 (citation omitted). New Jersey's long-arm statute allows the exercise of personal jurisdiction over non-resident defendants to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment. *Nicholas v. Saul Stone & Co.*, 224 F.3d 179, 184 (3d Cir. 2000).

Due Process requires that a defendant have minimum contacts with the forum state and that an exercise of jurisdiction over the defendant comport with "'traditional notions of fair play

and substantial justice.'" *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Further, "minimum contacts must have a basis in 'some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co.*, 480 U.S. at 109 (quoting Burger King, 471 U.S. at 475).  "Essentially, before hearing a case, a court must ask whether 'the quality and nature of the *defendant's* activity is such that it is reasonable and fair to require [that it] conduct [its] defense in that state.'" *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984) (modifications and emphasis in original) (quoting *Kulko v. Super. Ct. of Cal.*, 436 U.S. 84, 92 (1978)).  A plaintiff may demonstrate that a defendant must defend its conduct based on either general or specific jurisdiction.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8-9 (1984); *Remick*, 238 F.3d at 255.

        i.        <u>General Jurisdiction</u>

When a party is subject to the general jurisdiction of a state, that party may be called to answer any claim against it, regardless of whether the subject matter of the cause of action has any connection to the forum.  *Pennzoil Prods. Co.*, 149 F.3d at 200.  Thus, a plaintiff must demonstrate significantly more than "minimum contacts" to establish general jurisdiction over a defendant.  *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987).  In order to establish general personal jurisdiction, a plaintiff must show that the non-resident defendant's contacts with the state are both "continuous and systematic." *Helicopteros*, 466 U.S. at 414-416 (1984).

The Court finds that AIIC LLC, AIIC CA, or AIG National do not have sufficient contacts to give rise to general jurisdiction. These Defendants do not operate their businesses out of New Jersey nor do they have continuous and systematic contact with New Jersey. Therefore, the Court determines that it does not have general jurisdiction over AIIC LLC, AIIC CA, or AIG National.

      ii.      <u>Specific Jurisdiction</u>

If a plaintiff fails to establish general jurisdiction over a defendant, it may still demonstrate specific personal jurisdiction. *Pennzoil Prods. Co.*, 149 F.3d at 200-01. To determine whether specific jurisdiction exists, a court generally applies two standards to ensure that the defendant's due process rights are protected. *Id.* at 201. "First, a court must determine whether the defendant had the minimum contacts with the forum necessary for the defendant to have 'reasonably anticipate[d] being haled into court there.'" *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Second, once minimum contacts are established, a court may consider whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Id.* (quoting *Burger King*, 471 U.S. at 476, and *Int'l Shoe*, 326 U.S. at 320). Although the second standard is discretionary, the Third Circuit has explained that a court should generally perform both steps of this analysis before finding that specific jurisdiction exists. *Id.*

AIIC LLC, AIIC CA, and AIG National do not have the minimum contacts with New Jersey necessary to establish specific jurisdiction. Plaintiffs do not allege that their claims against AIIC LLC, AIIC CA, or AIG National arise out of policies issued in New Jersey and

these Defendants do not conduct business in the State. The Court finds that it lacks personal jurisdiction over AIIC LLC, AIIC CA, and AIG National and, therefore, the action must be dismissed.[4]

    B.    Fed. R. Civ. P. 12(b)(1) and 12(b)(6)

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of a case based on lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court. *Mortensen v. First Federal Sav. and Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977). When considering a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Fed. R. Civ. P. 12(b)(6) motion, a court accepts as true all of the factual allegations within the complaint and any reasonable inferences that may be drawn from them. *Hayes v. Gross*, 982 F.2d 104, 106 (3d Cir. 1992). Claims should be dismissed under Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Though a court must

---

[4] Plaintiffs have declined from offering any facts or legal arguments in opposition to Defendants' motion to dismiss for lack of personal jurisdiction.

take as true all facts alleged, it may not "assume that the [plaintiff] can prove any facts that it has not alleged." *Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters,* 459 U.S. 519, 526 (1983). Further, on a Fed. R. Civ. P. 12(b)(6) motion, a court shall properly reject any "conclusory recitations of law" pled within the complaint. *Commonwealth of Pennsylvania v. PepsiCo, Inc.,* 836 F.2d 173, 179 (3d Cir. 1988); *see Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (noting that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss").

Accordingly, a district court reviewing the sufficiency of a complaint has a limited role. In performing that role, the court determines not "whether the plaintiffs will ultimately prevail," but "whether they are entitled to offer evidence to support their claims. *Langford v. Atlantic City,* 235 F.3d 845, 847 (3d Cir. 2000); *see also In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir. 1997); *Syncsort Inc. v. Sequential Software, Inc.,* 50 F. Supp. 2d 318, 325 (D.N.J. 1999); *In re MobileMedia Sec. Litig.,* 28 F. Supp. 2d 901, 922 (D.N.J. 1998). Generally, the court's task requires it to disregard any material beyond the pleadings. *Burlington Coat,* 114 F.3d at 1426; *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

A district court may, however, consider the factual allegations within other documents, including those described or identified in the complaint and matters of public record, if the plaintiff's claims are based upon those documents. *Burlington Coat,* 114 F.3d at 1426; *In re Westinghouse Sec. Litig.,* 90 F.3d 696, 707 (3d Cir. 1996); *In re Donald Trump Sec. Litig.*, 7 F.3d 357, 368 n.9 (3d Cir. 1993); *Pension Benefit Guar. Corp.,* 998 F.2d at 1196. In other words, the court may review such documents that are "integral to or explicitly relied upon in the complaint,"

*Burlington Coat,* 114 F.3d at 1426 (citation and quotations omitted), so as to avoid

> [t]he situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent.

*Id.* Yet just because the court elects under these circumstances to examine documents outside of the complaint does not mean that it need treat the motion as one for summary judgment. *Burlington Coat,* 114 F.3d at 1426; *Pension Benefit Guar. Corp.,* 998 F.2d at 1196-97.

It is well-settled law that, absent extraordinary circumstances, a contract only binds those who are parties to it. "It goes without saying that a contract cannot bind a nonparty." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 295 (2002). *See also* 17A AM. JUR. 2D *Contracts* § 412 (2004) ("Generally, the obligation of contracts is limited to the parties making them, and, ordinarily, only those who are parties to contracts are liable for breach."). AIIC NJ, AIIC CA, and New Hampshire as Defendans were not parties to any of the policies. Moreover, Plaintiffs concede that they incorrectly named AIIC NJ, AIIC CA, and New Hampshire as Defendants.

Furthermore, Plaintiffs concede that Defendants, AIGM and AIGCS are not parties to the insurance policies. At most, Plaintiffs can only allege that AIGM and AIGCS "'managed the claims' arising under the policies, including Insureds', and 'adjust[ed] Medpay claims' submitted by Insureds." Def. Br., pg. 7. None of these Defendants underwrote any of the insurance policies at issue in this case; therefore, they are not parties to the insurance contract and cannot be held liable for any alleged breach. As such, the Court finds that Plaintiffs have failed to state a claim against Defendants.[5]

---

[5] The Court also dismisses any claims against AIIC DE. Although Plaintiffs include as a defendant in their Amended Complaint, the Court finds that Plaintiffs make no specific allegations

**IV.**     **Conclusion**

For the reasons stated above, the Court finds that (a) it does not have jurisdiction over this matter, and (b) Plaintiffs have failed to state a claim upon which relief can be granted. Thus, Defendants' motion to dismiss Plaintiffs' Complaint is granted. An appropriate order follows.

/s/ JOEL A. PISANO
United States District Judge

Dated: August 26, 2008

---

against AIIC DE. Furthermore, the Court finds that Plaintiffs, Mar Vista and North Palm fail to state a valid claim as Mar Vista makes no allegation of wrongdoing against any of Defendants and North Palm cannot identify which American International Insurance Company issued its policy.

As to Granite State, the Court also dismisses any claims against it. Plaintiffs have failed to establish that this Court has jurisdiction over Granite State. At most, Plaintiffs assert that "Granite does business throughout an as-yet-undetermined number of States." Am. Compl. ¶ 23. This allegation does not meet the jurisdictional bar. Moreover, even if personal jurisdiction was established, the Court would invoke the doctrine of *forum non conveniens*. Wulf, the alleged assignee of the Granite State insured, does business in Arkansas, and Plaintiffs have failed to establish that New Jersey has any connection to the dispute at issue. For reasons of convenience, fairness, and judicial economy, the Court would dismiss on this basis.